UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, SUCCESSOR-IN-INTEREST
TO BANK OF AMERICA, N.A., AS
TRUSTEE, SUCCESSOR BY MERGER TO
LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE, FOR THE
REGISTERED HOLDERS OF J.P.
MORGAN CHASE COMMERCIAL
MORTGAGE SECURITIES TRUST 2006-
CIBC17, COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-CIBC17,

        Plaintiff,

v.                                                          CIVIL ACTION NO. 3:14-CV-62 (Groh)
                                                                     Electroinically filed: 06/19/2014

SAYONA HOSPITALITY, LLC,

        Defendant.

## VERIFIED COMPLAINT

Plaintiff U.S. Bank National Association, as Trustee, successor-in-interest to Bank of America, N.A., as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2006-CIBC17, Commercial Mortgage Pass-Through Certificates, Series 2006-CIBC17 ("Plaintiff") hereby states its Verified Complaint against Sayona Hospitality, LLC ("Defendant"):

## PARTIES

1. Plaintiff is a New York common law trust, for which U.S. Bank National Association ("U.S. Bank") is the trustee. U.S. Bank is a national banking association with its main office located in Cincinnati, Ohio.

2. CWCapital Asset Management LLC is successor Special Servicer of the Loan (defined below) for Plaintiff pursuant to that certain Pooling and Servicing Agreement dated as of November 28, 2006, originally between J.P. Morgan Chase Commercial Mortgage Securities Corp., depositor, Wells Fargo Bank, N.A., master servicer, LNR Partner, Inc., special servicer, and LaSalle Bank National Association, trustee and paying agent.

3. Defendant is a West Virginia limited liability company. Upon information and belief, Defendant's principal place of business is located in Falling Waters, Berkeley County, West Virginia.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiff and Defendant and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendant's principal place of business and the property that is the subject of the action are located in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

### The Loan and the Loan Documents

6. On or about September 27, 2006, Defendant borrowed $3,750,000.00 (the "Loan") from JPMorgan Chase Bank, N.A. ("Original Lender").

7. The Loan was evidenced by that certain Fixed Rate Note dated September 27, 2006 given by Defendant payable to the order of Original Lender in the original principal amount of the Loan (the "Note").

8.  An accurate copy of the Note is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

9.  The Loan is secured by, among other things, that certain Deed of Trust and Security Agreement dated September 27, 2006 given by Defendant for the benefit of Original Lender, recorded as Transaction #2006035896 in Deed of Trust Book 01995 at Page 00207 in the Berkeley County, West Virginia Clerk's Office (the "<u>Clerk's Office</u>") on September 28, 2006 (the "<u>Deed of Trust</u>").

10. An accurate copy of the Deed of Trust is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

11. The Deed of Trust encumbers certain Property conveyed therein.[1]

12. The Property is primarily composed of a hotel commonly referred to as the Holiday Inn Express Martinsburg-North and generally located at 1220 T.J. Jackson Drive, Falling Waters, West Virginia, 25419 (the "<u>Hotel</u>").

13. The Property includes the Land, which is more particularly described in <u>Exhibit C</u> attached hereto and incorporated herein by reference.

14. The Property also includes the Rents, which are generated by the Hotel.

15. The Loan is further secured by, among other things, that certain Assignment of Leases and Rents dated September 27, 2006 given by Borrower in favor of Original Lender, recorded as Transaction #2006035898 in Deed Book 00848 at Page 00606 in the Clerk's Office (the "<u>ALR</u>").

16. An accurate copy of the ALR is attached hereto as <u>Exhibit D</u> and incorporated herein by reference.

---

[1] Any capitalized terms used but not otherwise defined herein shall have the meanings ascribed to those terms in the Deed of Trust.

17. Pursuant to the ALR, (a) Defendant absolutely and unconditionally assigned the Rents to Original Lender, and (b) Original Lender granted Defendant a revocable license to collect the Rents.

18. Original Lender's security interest in the Personal Property, was perfected by filing a UCC Financing Statement with the West Virginia Secretary of State on October 4, 2006 with file number 200600965715 (the "Financing Statement").

19. An accurate copy of the Financing Statement is attached hereto as Exhibit E and incorporate herein by reference.

20. Original Lender assigned the Loan and the Loan Documents to LaSalle Bank National Association, as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2006-CIBC17, Commercial Mortgage Pass-Through Certificates, Series 2006-CIBC17 ("Interim Holder"),  as evidenced by that certain Assignment of Deed of Trust and Security Agreement and Assignment of Assignment of Leases and Rents given by Original Lender to Interim Holder, recorded as Transaction #2007017263 in Deed Book 00868 at Page 00227 in the Clerk's Office on May 11, 2007.

21. An accurate copy of the foregoing document evidencing assignment of the Loan and the Loan Documents from Original Lender to Interim Holder is attached hereto as Exhibit F and incorporate herein by reference.

22. Bank of America, N.A., as successor by merger to Interim Holder, further assigned the Loan and the Loan Documents to Plaintiff.

23. Plaintiff is the present owner of all right, title and interest in and to the Loan and the Loan Documents.

### The Modification Agreement

24. Beginning February 1, 2010, Defendant failed to make the required payments of principal and interest and other sums (along with other defaults, the "2010 Defaults").

25. As a result of the 2010 Defaults, Bank of America, N.A., as successor by merger to Interim Holder, accelerated the Loan and scheduled a non-judicial foreclosure sale.

26. The Loan was ultimately reinstated, and the Loan Documents modified, by that certain Modification Agreement dated effective as of December 15, 2010 (the "Modification Agreement").

27. An accurate copy of the Modification Agreement is attached hereto as Exhibit G and incorporated herein by reference. The Modification Agreement is a Loan Document.

28. Pursuant to the Modification Agreement, Defendant entered into that certain Cash Management agreement dated as of December 15, 2010 (the "Cash Management Agreement").

29. An accurate copy of the Cash Management Agreement is attached as Exhibit B of the Modification Agreement and incorporated herein by reference. The Cash Management Agreement is a Loan Document.

30. Pursuant to the Cash Management Agreement, Defendant is required to deposit the Rents into a clearing account (the "Restricted Account") within two business days of receipt.

31. The Rents deposited into the Restricted Account are transferred to a separate account (the "Cash Management Account") from which the Rents are used to pay the items set forth in Section 5(a) of the Cash Management Agreement, including operating expenses, taxes and insurance reserves, and the regularly-scheduled installment payments of principal and interest due under the Loan Documents.

## The License Agreement

32. The Hotel is operated as a Holiday Inn Express pursuant to that certain Holiday Inn Express Change of Ownership License Agreement dated March 24, 2004 between Holiday Hospitality Franchising, Inc., as licensor, and Defendant, as licensee (the "License Agreement").

33. An accurate copy of the License Agreement is attached hereto as Exhibit H and incorporated herein by reference.

34. The License Agreement will expire on June 30, 2014, as reflected in that certain April 23, 2014 letter from InterContinental Hotel Group to Defendant, an accurate copy of which is attached hereto as Exhibit I and incorporated herein by reference.

35. Upon information and belief, Defendant has not secured an extension of the License Agreement or a substitute franchise license for the Hotel.

36. Upon information and belief, Defendant has identified Best Western as a potential new franchisor for the Property.

37. Upon information and belief, to qualify for a Best Western franchise license, the Property must conform to Best Western's preliminary Property Improvement Plan (the "PIP").

38. A copy of the PIP is attached hereto as Exhibit J and incorporated herein by reference.

## The Defaults

39. Defendant has not deposited any Rents into the Restricted Account since (at the latest) early-April (the "Diversion Default").

40. Because Defendant did not deposit the Rents into the Restricted Account in accordance with the Cash Management Account there were insufficient funds in the Restricted Account and the Cash Management Account to pay the regularly-scheduled payments due under

6

the Loan Documents on May 1, 2014 and June 1, 2014; nor has Defendant directly paid such payments to Plaintiff (collectively, the "Payment Defaults").

41. By letter dated May 29, 2014 (the "Default Letter"), Plaintiff notified Defendant of the Diversion Default and the Payment Defaults and demanded that Defendant cure such defaults.

42. An accurate copy of the Default Letter is attached hereto as Exhibit K and incorporated herein by reference.

43. Defendant failed to cure the Diversion Default and the Payment Defaults.

44. An Event of Default (the "Event of Default") occurred on May 7, 2014, the seventh calendar day after Defendant failed to pay the regularly-scheduled payments due under the Loan Documents on May 1, 2014.

45. After an Event of Default, Defendant's license to collect the Rents was and is automatically revoked and Plaintiff was and is immediately entitled to possession of the Rents.

46. By letter dated June 12, 2014 (the "Acceleration Letter"), Plaintiff (a) declared the entire unpaid balance of the Debt immediately due and payable and (b) demanded that Defendant turnover to Plaintiff the Rents accruing on and after May 7, 2014 (the "Post-Default Rents").

47. An accurate copy of the Acceleration Letter is attached hereto as Exhibit L and incorporated herein by reference.

48. The unpaid balance of the Debt as of June 13, 2014 was at least $3,827,211.96.

49. Defendant has failed to pay the entire unpaid balance of the Debt.

50. The Hotel continues to operate and generate Post-Default Rents.

51. Defendant has failed to turn over the Post-Default Rents to Plaintiff.

52. Defendant has also failed to pay the taxes assessed on the Personal Property for tax year 2013 ("Personal Property Taxes").

53. The Personal Property Taxes began to accrue late payment penalties after April 30, 2014.

54. As of June 13, 2014, the total Personal Property Taxes Due were $1,436.31.

55. Late payment penalties continue to accrue.

56. Upon information and belief, the assessed tax value of the Property was $1,921,582.00 for tax year 2013.

57. Upon information and belief, the assessed tax value represents approximately 60 percent of the fair market value of the Property as appraised by the Berkeley County, West Virginia Assessor's Office.

## COUNT I – Breach of Contract

58. Plaintiff incorporates by reference the allegations of the preceding paragraphs of this Verified Complaint as if fully set forth herein.

59. The Loan Documents, including the Cash Management Agreement, are binding contracts between Plaintiff and Defendant.

60. Pursuant to the Note, Defendant is personally liable to Plaintiff for any Losses (as defined in the Deed of Trust) it incurs due to Borrower's misapplication or misappropriation of the Rents.

61. Pursuant to the Cash Management Agreement, Defendant was required to deposit the Rents into the Restricted Account within two days of receipt.

62. Plaintiff has not deposited Rents into the Restricted Account since (at the latest) early-April.

63. Defendant has breached the Cash Management Agreement by diverting the Rents.

64. Defendant has misapplied and misappropriated the Rents.

65. Plaintiff has suffered damages resulting from Defendant's breach of the Cash Management Agreement.

## COUNT II – Conversion

66. Plaintiff incorporates by reference the allegations of the preceding paragraphs of this Verified Complaint as if fully set forth herein.

67. Pursuant to the ALR, (a) Defendant absolutely and unconditionally assigned the Rents to Plaintiff, and (b) Plaintiff granted Defendant a revocable license to collect the Rents.

68. Based on the Event of Default, on and after May 7, 2014, Defendant's license to collect the Rents was automatically revoked and Plaintiff was immediately entitled to possession of the Post-Default Rents.

69. Despite demand therefor, Defendant diverted and continues to divert the Post-Default Rents.

70. Despite demand therefor, Defendant has failed to turn over the Post-Default Rents to Plaintiff.

71. Defendant's diversion of and failure to turn over the Post-Default Rents are wrongful acts of dominion over the Post-Default Rents inconsistent with Plaintiff's rights in the Post-Default Rents.

72. Plaintiff has suffered damages resulting from Defendant's diversion of and failure to turn over the Post-Default Rents.

73. The Hotel continues to operate and generate accruing Post-Default Rents.

74. Defendant's continued diversion of and refusal to turn over the accruing Post-Default Rents will cause Plaintiff irreparable harm.

### **COUNT III – Appointment of Receiver**

75. Plaintiff incorporates by reference the allegations of the preceding paragraphs of this Verified Complaint as if fully set forth herein.

76. Plaintiff has security interests in the Rents, which (along with the other Property) are the primary source of repayment of the Loan.

77. As a result of Defendant's diversion of and failure to turn over the Post-Default Rents, the Post-Default Rents have been misappropriated.

78. The Post-Default Rents are in danger of loss and misappropriation.

79. The Post-Default Rents continue to accrue and Defendant continues to collect the Post-Default Rents.

80. Defendant has not used the Post-Default Rents to pay the amounts due under the Loan Documents.

81. Defendant has failed to pay the taxes assessed on the Personal Property for tax year 2013.

82. The Personal Property is in danger of loss.

83. The License Agreement will expire on June 30, 2014.

84. Upon information and belief, Defendant has not secured an extension of the License Agreement or a substitute franchise license for the Hotel.

85. A franchise license is vital to maintaining the value of the Hotel.

86. The value of the Hotel is in danger of diminution.

87.  Without appointment of a receiver to manage and operate the Property and collect the Rents, Plaintiff will suffer irreparable harm.

88.  Pursuant to the Section 10.1(g) of the Deed of Trust, Defendant irrevocably consented to appointment of a receiver, as a matter of right, for the "protection, possession, control, management and operation of the Property, including (without limitation), the power to collect the Rents [and] enforce the [Deed of Trust]."

89.  Pursuant to Section 13 of the Modification Agreement, Defendant specifically consented to entry of a form federal court receivership order.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following judgment and relief:

A. Preliminary and permanent injunctions (i) enjoining Defendant, along with its members, partners, managers, agents, and other persons or entities in active concert or participation with Defendant, from diverting the accruing Post-Default Rents and (ii) requiring Defendant, along with its members, partners, managers, agents, and other persons or entities in active concert or participation with Defendant, to turn over the Post-Default Rents to Plaintiff;

B. Appointment of a receiver to manage and operate the Property, collect the Post-Default Rents, and exercise the usual power and duties of receivers in such matters;

C. Damages to compensate Plaintiff for Defendant's breach of the Cash Management Agreement;

D. Damages to compensate Plaintiff for Defendant's conversion of the Post-Default Rents that have accrued to date;

  E. Attorneys' fees and other expenses associated with this action; and

  F. Such other and further relief the Court deems appropriate.

Dated: June 19, 2014

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, N.A., AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2006-CIBC17, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-CIBC17**
**Plaintiff, by Counsel**

*/s/ Charles F. Printz, Jr.*
Charles F. Printz, Jr., Esq. (WVSB #2985)
Jared M. Adams, Esq.  (WVSB #11011)
BOWLES RICE LLP
101 South Queen Street
Martinsburg, West Virginia  25401
P:  304/263-0836 / F:  304/267-3822
*cprintz@bowlesrice.com*
*jadams@bowlesrice.com*

12

COUNTY OF MONTGOMERY

STATE OF MARYLAND

### VERIFICATION

Personally appeared before the undersigned, duly authorized by law to administer oaths, Alex Killick in his capacity as Vice President of CWCapital Asset Management LLC, which is the Special Servicer for Plaintiff with respect to the Loan, who states that the facts contained in the foregoing Verified Complaint are true and correct and that he has personal knowledge of such facts.

_____
**Name: Alex Killick**

Sworn to and subscribed before me
this _16th_ day of June, 2014,
and notarized by me on said date.

_____
Notary Public

My Commission expires:
[NOTARY STAMP / SEAL]

SHAILA PATEL
NOTARY
MY COMM. EXPIRES
4/20/2016
PUBLIC
MONTGOMERY CO., MD.